# Order

**Michigan Supreme Court**
**Lansing, Michigan**

June 8, 2007

133157

PEOPLE OF THE STATE OF MICHIGAN,
        Plaintiff-Appellee,

v

CHRISTOPHER LEE WINKLER,
        Defendant-Appellant.

SC: 133157
COA: 274483
Kent CC: 05-007427-FH

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

_____/

On order of the Court, the application for leave to appeal the December 27, 2006 order of the Court of Appeals is considered and, pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we REMAND this case to the Court of Appeals for consideration as on leave granted.

WEAVER, J., dissents and states as follows:

I dissent. I would not remand this case and I would deny leave to appeal because I am not persuaded that the decision of the Court of Appeals was clearly erroneous or that defendant has suffered any material injustice in this case.

CORRIGAN, J., dissents and states as follows:

Defendant, an adult, engaged in sexual intercourse with a 14-year-old girl over a six-month period. He ultimately pleaded guilty of second-degree criminal sexual conduct, MCL 750.520c. At sentencing, the trial court scored five points for offense variable (OV) 3 because "[b]odily injury not requiring medical treatment occurred to a victim." MCL 777.33(1)(e). Defendant now argues he should have received zero points for OV 3, as is appropriate when "[n]o physical injury occurred to a victim." MCL 777.33(1)(f).

I would not remand on this issue because defendant failed to preserve it. At the sentencing hearing, he did not object to the score. Only now on appeal does he claim there was insufficient evidence of injury. For instance, he notes that the victim's mother

indicated that the victim contracted a sexually transmitted disease (STD). He now claims he cannot be held responsible because he has been tested and was not diagnosed with an STD. If defendant had properly objected at the sentencing hearing, the prosecutor or sentencing judge would have had the opportunity to clarify the reasons underlying the score with the aid of the victim, her mother, and the medical records. The court then could have ruled on the matter. As it stands, defendant failed to make a record to support his argument. I would not remand to give him a second bite at the apple.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

June 8, 2007

_____
Clerk

s0605